**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **WINSTON A. TERRY, an individual,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. A-16:cv-0859-LY** |
| | § | |
| **NETWORK FUNDING, LP DBA** | § | |
| **UNITED LENDING, LLC;** | § | |
| **GOVERNMENT NATIONAL** | § | |
| **MORTGAGE ASSOCIATION (GINNIE** | § | |
| **MAE) AS TRUSTEE FOR** | § | |
| **SECURITIZED TRUST GINNIE MAE** | § | |
| **REMIC TRUST 2013-144; GINNIE** | § | |
| **MAE; BRANCH BANKING & TRUST** | § | |
| **COMPANY; MORTGAGE** | § | |
| **ELECTRONIC REGISTRATION** | § | |
| **SYSTEMS, INC. AKA "MERS" AND** | § | |
| **DOES 1 THROUGH 100, INCLUSIVE** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT MACKIE WOLF ZIENTZ & MANN, PC'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Defendant Mackie Wolf Zientz & Mann, PC ("MWZM" or "Defendant") files this

Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Federal Rule of Civil

Procedure 12(b)(6), and respectfully shows as follows:

**I. SUMMARY**

1.       Plaintiff, Winston A. Terry ("Plaintiff"), is a borrower on a mortgage loan secured

by the property located at 14505 Joy Lee Lane, Manor, Texas 78653 (the "Property"). [ECF No.

29 at ¶21, Exhibit 13.]

2.      On July 12, 2016, Plaintiff filed his Original Complaint against Defendant, among others, seeking to delay foreclosure of the Property and money damages on several claims.  [ECF No. 1.]

3.      Defendant on August 9, 2016 filed its Motion to Dismiss Plaintiff's Original Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  [ECF No. 21].

4.      Plaintiff on October 5, 2016 filed his First Amended Complaint. [ECF No. 29]. Defendant on October 19, 2016 filed it Motion to Strike Plaintiff's First Amended Complaint as having been filed without leave of the Court.  [ECF No. 32].  On October 26, 2016, the Court in an Order indicated that Plaintiff's First Amended Complaint was his live pleading at the time. [ECF No. 35].

5.      Defendant on October 28, 2016 filed its Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  [ECF No. 37].

6.      On December 19, 2016, Plaintiff filed his Motion for Leave to file his Second Amended Complaint.  [ECF No. 52].  The Court granted that Motion on January 3, 2017.

7.      In Plaintiff's Second Amended Complaint ("the Complaint"), Plaintiff alleges, among other things, that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA") by attempting a non-judicial foreclosure without validating the debt and by not responding to a Qualified Written Request ("QWR").  [ECF No. 53 at pp.39-40.]  Plaintiff also brings claims against Defendant for civil conspiracy and further asserts a claim to Quiet Title and Declaratory Judgment.  [*See id. at pp.34-41*].

8.      Plaintiff has failed to state a cause of action against Defendant. For Plaintiff's FDCPA claim, Plaintiff has failed to plead facts to indicate that Defendant is a debt collector and, therefore, his claim is unfounded.  Further, Defendant is protected by the doctrine of

attorney immunity.  For Plaintiff's Quiet Title and Declaratory Judgment claims, MWZM makes no claim to an ownership in the Property and these claims are thus meritless. Through this Motion, Defendant seeks dismissal of Plaintiff's claims with prejudice.

## II.  STANDARD UNDER RULE 12(B)(6)

9.      Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Id*.  Although "detailed factual allegations" are not necessary, plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The alleged facts must "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

## III.  ARGUMENT AND AUTHORITIES

### A.      Plaintiff's FDCPA claim fails as a matter of law because Plaintiff does not plead that MWZM regularly engages in debt collection.

10.      Plaintiff in his Complaint alleges that MWZM is liable to him for allegedly proceeding with foreclosure efforts after allegedly failing to validate the subject debt as provided by 15 U.S.C. section 1692g, and by not responding to three separate QWR's.  [ECF No. 53, pp.39-40].  MWZM, however, is not a "debt collector" under the FDPA.

11.      The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly,

debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "The statute contains two categories of debt collectors, those who collect debts as their 'principal purpose,' and those who do so 'regularly.'" *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008) (quoting 15 U.S.C. § 1692a(6)). "The term 'debt collector' does not include lenders[,] . . . the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Gipson v. JP Morgan Chase*, No. 3:13-CV-2477-L, 2013 U.S. Dist. LEXIS 99613, 2013 WL 3746003, at *2 (N.D. Tex. July 17, 2013)

12.     Plaintiff does not assert facts showing Defendant to be a "debt collector" under the FDCPA. He fails to allege any factual support raising a reasonable inference that Defendant collects debts as the "principal purpose" of its business, or that it "regularly" collect debts for others. *See Hester,* 289 F. App'x at 41.

13.     Because Plaintiff's allegations fail to create a reasonable inference that Defendant was a debt collector, or that the debt was in default at the time of assignment, his claims under the FDCPA should be dismissed for failure to meet the applicable pleading standards. *See Martinez-Bey v. Bank of Am., N.A.,* No. 3:12-CV-4986-G BH, 2013 U.S. Dist. LEXIS 85440, *16, 2013 WL 3054000, at *6 (N.D. Tex. June 18, 2013) (holding an FDCPA claim was not properly alleged against a defendant law firm when the complaint failed to allege facts to support that the firm "regularly collected or attempted to collect . . . debts" in a case where the firm allegedly "wrongfully" instituted a foreclosure and eviction proceeding)*; Garcia v. Jenkins/Babb* LLP, No. 3:11-CV-3171-N-BH, 2012 U.S. Dist. LEXIS 125999, 2012 WL 3847362, at *6-7 (N.D. Tex. July 31, 2012), *rec. adopted*, 2012 U.S. Dist. LEXIS 125844, 2012 WL 3846539 (N.D. Tex. Sept. 5, 2012) (dismissing FDCPA claims after finding that plaintiff's recitation of

statutory language, without any facts in support, was insufficient to plausibly allege that defendants were "debt collectors" under the FDCPA.

14.    Furthermore, because Plaintiff fails to plead any facts to indicate that the loan was in default at the time it was acquired by MWZM's client, BB&T, Plaintiff fails to plead sufficient facts to show that MWZM was a "debt collector" as defined by the FDCPA.  *Okeefe v. Caliber Home Loans, Inc*., No. SA-14-CA-192-FB, 2014 U.S. Dist. LEXIS 189363 *8 (W.D. Tex. Aug. 7, 2014) (dismissing FDCPA claim under Rule 12(b)(6) where plaintiff did not plead that loan was in default at the time it was assigned to the defendant lender).

**B.     Plaintiff's FDCPA claim fails as a matter of law because Plaintiff does not plead that the subject loan was in default at the time it was acquired by BB&T.**

15.    Plaintiff in his Complaint alleges that MWZM is liable to him for allegedly proceeding with foreclosure efforts after allegedly failing to validate the subject debt as provided by 15 U.S.C. section 1692g, and by not responding to three separate QWR's.  [ECF No. 53, pp.39-40].

**C.     Plaintiff's claims are barred by attorney immunity.**

16.    In June 2015, the Texas Supreme Court unequivocally held that an attorney is immune from civil liability to non-clients when the attorney is acting within the scope of his or her representation. *Cantey Hanger, LLP v. Byrd*, 467 S.W. 3d 477, 481 (Tex. 2015).  District courts have followed the *Cantey Hanger* holding in finding improper joinder of bank counsel or in granting summary judgments in favor of bank counsel. *McGee v. CTX Mortg. Co., LLC*, 2015 U.S. Dist. LEXIS 154850, *4 (N.D. Tex. Nov. 16, 2015); *Smith v. Bank of Am. Corp*., 2016 U.S. Dist. LEXIS 81, *18 (W.D. Tex. Jan. 4, 2016); *Williamson v. Wells Fargo Bank, N.A*., 2016 U.S. Dist. LEXIS 74059, *5 (E.D. Tex. Apr. 28, 2016).

17.     Here, Plaintiff's claims against MWZM are based solely on actions taken by MWZM in its capacity as counsel for BB&T in pursuing the foreclosure of his alleged homestead.  Because MWZM is sued solely as counsel for BB&T, and Plaintiff fails to allege that MWZM took any actions outside of the scope of its representation as foreclosure or litigation counsel, Plaintiff has failed to state a claim against MWZM.  Plaintiff's claims against MWZM fail as a matter of law under the doctrine of attorney immunity.  *See Wyles v. Cenlar FSB,* No. 7:15-CV-155-DAE, 2016 U.S. Dist. LEXIS 52795 *10 (W.D. Tex. Apr. 20, 2016) (holding that, under *Cantey Hanger v. Byrd,* law firm was immune from liability under the FDCPA because its effort to pursue the foreclosure of the plaintiff's homestead was undertaken in the course and scope of its representation of its client); *Smith v. Bank of Am. Corp*., No. A-13-CV-0193-LY-M, 2016 U.S. Dist. LEXIS 81 *18 (W.D. Tex. Jan. 4, 2016) (same).  Indeed, the case law supports the finding that a law firm is immune from liability under the FDCPA for acts undertaken on behalf of its client even before *Cantey Hanger v. Byrd* came out.  *See Spencer v. Hughes Watters Askanase, LLP*, No. 5:15-cv-00233-XR, 2015 U.S. Dist. LEXIS 75563 *12 (W.D. Tex. June 11, 2015); *Bellot v. Wells Fargo Bank, N.A*., No. H-13-2014, 2014 U.S. Dist. LEXIS 73878 *23 (S.D. Tex. May 13, 2014).

18.     Because MWZM is sued solely as counsel for BB&T, and Plaintiff fails to allege that MWZM took any actions outside of the scope of its representation as foreclosure or litigation counsel, Plaintiff has failed to state a claim against MWZM.  Plaintiff's FDCPA claim should be dismissed with prejudice.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted and the all of the claims

asserted by Plaintiff against it in Plaintiff's Amended Complaint be dismissed with prejudice.

Defendant further asks that it be awarded all other relief to which they may be entitled.

Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **PHILIP W. DANAHER**
    Texas Bar No. 24078395
    pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT
MACKIE WOLF ZIENTZ & MANN, PC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned further certifies that on January 17, 2017, a true and correct copy of the foregoing document was delivered to the following in the manner indicated:

*Via Regular U.S. Mail*
Winston Avery Terry
14505 Joy Lee Lane
Manor, TX 78653

*Via ECF Notification*
Philip C. Brashier
Brashier Law Firm PLLC
9700 Richmond Ave., Suite 320
Houston, TX 77042

*Via ECF Notification*
Kari Robinson
Kali M. Hyde
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
1301 McKinney St., Ste 3700
Houston, TX 77010

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
