IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WINSTON AVERY TERRY, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| BRANCH BANKING & TRUST COMPANY; MACKIE WOLF ZIENTZ & MANN, P.C.; AND DOES 1 THROUGH 100, INCLUSIVE, | § | A-16-CV-859-LY-ML |
| | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE:

Before the court are Defendant BB&T's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #54), Defendant Wolf Zientz & Mann, PC's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #55), and all related briefing. The motions were referred by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. After reviewing the motions and related briefing, the relevant case law, as well as the entire case file, the undersigned issues the following Report and Recommendation to the District Court.

**I.    BACKGROUND**

In his Second Amended Petition ("SEC")[1], Winston Terry, proceeding pro se, purports to bring claims against Branch Banking & Trust Company ("BB&T"); Mackie Wolf Zientz & Mann, P.C. ("Mackie"); Baker Donelson Bearman Caldwell & Berkowitz, P.C. ("Baker

---

[1] As this is federal court, the court will refer to Terry's pleading as a complaint not as a petition.

1

Donelson"), who are BB&T's attorneys in this litigation; Kari Robinson ("Robinson"), who is an attorney at Baker Donelson and represents BB&T in this litigation; Daryl Bible ("Bible"), who is a BB&T employee; and Does 1-10 to quiet title, for conversion, for civil conspiracy, and for a declaratory judgment. Terry also purports to bring claims against BB&T and Mackie for violations of 15 U.S.C. 1692 et seq., the Fair Debt Collections Practices Act ("FDCPA").[2]

This is Terry's third complaint in this case. Terry amended the first two complaints after Defendants moved to dismiss the complaints. As those motions were not directed at live pleadings, the court dismissed the motions without prejudice. The deadline to amend pleadings has now passed, leaving Terry's Second Amended Complaint the final pleading in this case.

Terry originally sued BB&T and other defendants to stop a foreclosure on his property at 14505 Joy Lee Lane, Manor TX ("The Property"). Mackie, a law firm, represented BB&T during the foreclosure process. During the course of litigation, Terry sent BB&T a new, unilaterally created, promissory note, which Terry refers to as "The Funds." SAC ¶¶ 60-65. Terry contends he delivered "The Funds" to BB&T via Bible. SAC ¶ 69. It appears that BB&T and Baker Donelson did not originally respond to Terry's unilaterally created promissory note, but after Terry demanded its return and sued for conversion of The Funds, Robinson returned the materials to him. SAC ¶¶ 70-72, 82-91.

Terry contends that his delivery of The Funds is an "accord and satisfaction" of the original mortgage and this serves as the basis of his quite title claim. SAC ¶ 168, 176. He contends that by receiving The Funds, BB&T's previous allegation of default is now extinguished. SAC ¶ 177. He also appears to seek to quiet title in The Funds, as they have been returned to him. SAC ¶ 172. Terry seeks a declaratory judgment that prevents Defendants from

---

[2] Terry asserts both diversity jurisdiction, federal question jurisdiction, and supplemental jurisdiction. As Terry is asserting a claim under 15 U.S.C. § 1692, the court will not address whether the attempt to add Robinson, who appears to work in Texas, as a party defeats diversity jurisdiction.

asserting any adverse claim against the real property at issue. SAC ¶ 189. Terry contends that because The Funds served as an accord and satisfaction, Defendants lack authority to foreclose on the real property. SAC ¶ 191. In his conversion claim, Terry alleges that BB&T and Bible "wrongfully misappropriated Plaintiff's right to exercise his rights to the full value credit, due and owing to ('Terry') from Defendants' sale/use/trade of ('The Funds'), buy assuming the full value of the trade/sale of ('The Funds') for themselves, and therafter causing ('Terry') to rely upon misinformation that ('The Funds') were not accepted, not permitted, and would not be returned." SAC ¶ 207.

Terry also alleges that BB&T and Mackie engaged in unfair debt collection practices. SAC ¶¶ 199-203. Specifically, he claims they continued to attempt to foreclose on his property despite him sending a Qualified Written Request ("QWR") to validate the debt. SAC ¶¶ 201-20. In his last cause of action, Terry alleges that all Defendants "willfully conspired and agreed among themselves using unlawful means to deprive Plaintiff ('Terry') of his property rights in ('The Funds') and also the real property/house the subject of Plaintiff's 'first Amended Complaint.'" SAC ¶ 212.

BB&T and Mackie have separately moved to dismiss the claims against them. Terry filed a single response to both motions. To the extent Terry has attempted to sue Baker Donelson, Robinson, and Bible, he has not served them and they have not formally appeared as parties. However, BB&T's motion does address the claims against them.

## II.   STANDARD OF REVIEW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507

U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must 'accept as true all of the allegations contained in a complaint,' that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

### III. ANALYSIS

#### A. BB&T's Motion to Dismiss (Dkt. #54)

BB&T moves to dismiss all claims asserted in the Second Amended Complaint. BB&T's motion encompasses the claims raised against it, as well as the claims against Baker Donelson, Robinson, and Bible. For all the reasons stated in BB&T's motion, the undersigned finds the motion should be granted. The court will address each of Terry's claim below.

1. Quiet Title Claim

Terry asserts his quiet title claim against BB&T, Bible, and Mackie. To prevail on his claim to quiet title, Terry must prove: (1) his right, title, or ownership in real property; (2) that a Defendant has asserted a "cloud" on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair his title; and (3) that a Defendant's claim or encumbrance is invalid. *Warren v. Bank of Am., N.A.,* 566 Fed. Appx. 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.–Houston [1st Dist.] 2011, no pet.)).

Terry has failed to show that Defendant's claim or encumbrance on the property is invalid. Terry admits he defaulted on the loan agreement. SAC ¶ 138. However, Terry claims the unilateral promissory note (The Funds) served as an accord and satisfaction to the loan. First, the unilateral promissory note did not pay off the defaulted loan agreement because the unilateral promissory note was a payment plan, not a single payment of all amounts owed as he had been instructed to provide. *See* SAC Exh. 4. Second, the unilateral promissory note was rejected by BB&T. *Id.* Additionally, the unilateral promissory note was not an accord and satisfaction under the UCC. Texas Business and Code § 3.603 requires tender of *payment*. Despite Terry referring to the unilateral promissory note as "The Funds," the unilateral promissory note was

not a payment itself, it was merely a promise to pay. TEX. BUS. COM. CODE § 3.603. Similarly, Texas Business and Commerce Code § 3.311 requires payment of the instrument for an accord and satisfaction to be achieved. The unilateral promissory note also fails as an accord and satisfaction under the common law because an accord and satisfaction rests on a new contract, and the unilateral offer of a new promissory note does not create a new contract. *See Jenkins v. Henry C. Beck Co.*, 449 S.W.2d 454, 455 (Tex. 1969). Terry has failed to plead sufficient facts to state a claim quiet title.

      2. <u>Conversion Claim</u>

Terry asserts his conversion claim against BB&T and Bible. Conversion requires: (1) the plaintiff owned or had possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; (3) the plaintiff demanded return of the property; and (4) the defendant refused to return the property. *Trevino & Assocs. Mech., L.P. v. Frost Nat. Bank*, 400 S.W.3d 139, 148 (Tex. App.—Dallas 2013).

Terry's Second Amended Complaint makes clear he does not have a claim for conversion. Terry voluntarily sent the unilateral promissory note. SAC Exh. 13. BB&T attempted to reject it at least once. SAC Exh. 4. Defendants returned the promissory note within 3-5 days of Terry's demand that it be returned. SAC ¶¶ 34-36; Exh. A to Dkt. #54. Terry cannot create a claim for conversion by forcing something on Defendants, which they promptly returned upon his demand.

      3. <u>Fair Debt Collection Practices Act Claim</u>

Terry asserts this cause of action against BB&T and Mackie. Specifically, Terry asserts that BB&T and Mackie sent three collections letters, reported negatively on Terry's credit

worthiness, and instituted foreclosure proceedings despite "having notice from ('Terry') in the form a ('QWR'), seeking validation of the purported debt" in violation of FDCPA § 1692g. SAC ¶¶ 201-202.

Section 1692g applies to "debt collectors," which is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. Terry failed to plead facts that show BB&T is a debt collector. Additionally, the Note at issue shows it was endorsed to BB&T, and the Assignment shows BB&T holds the lien. SAC Exh. 9. Accordingly, any act BB&T took to collect on the Note or foreclose on the property were not for "debts owed or due another." Accordingly, BB&T cannot be a debt collector under the FDCPA, and Terry has failed to state a FDCPA claim against BB&T for this reason alone.

Terry also fails to allege any facts showing that § 1692g applies or when the "initial communication" with him occurred. Terry fails to plead any facts as to whether he notified BB&T within the 30 day period following the notice of debt, as required under § 1692g(a). *See* SAC Exh. 19, 20. Additionally, the letters do not indicate whether Terry is disputing the debt or a portion of the debt or whether he is seeking the name and address of the original creditor. Terry also fails to plead that BB&T continued to collect the debt before BB&T obtained verification of the debt or the name/address of the original creditor and mailed that information to Terry.

Terry pleads that BB&T failed to respond to the QWR in the "manner or means prescribed by FDCPA." *See* SAC ¶ 160. However, this fails to state a violation of § 1692g because there is no requirement in FDCPA regarding responses to QWRs, which are governed

by RESPA, not the FDCPA.  Moreover, this pleading is wholly conclusory as it fails to explain how the response was not "in the manner or means prescribed by the FDCPA [§] 1692g."

Finally, to the extent Terry has attempted to assert a claim under § 1692j, he has failed to state any facts that support such a claim.  SAC ¶ 164.

Terry's Second Amended Complaint does not contain "sufficient factual matter" to state a plausible claim for relief under the FDCPA.  *See Twombly*, 550 U.S. at 570.

    4. <u>Declaratory Judgment Claim</u>

Terry seeks a declaratory judgment "permanently enjoining Defendants ('BB&T'), ('Bible'), ('Baker [Donelson]'), ('[Robinson]'), and ('Mackie'), and all persons claiming under them, from asserting any adverse claim to Plaintifff's title and/or, peaceable possession to the property" and that "no defendant has any interest in the property and, a judgment voiding all documents on file indicating any interest of any defendant in ('The Property')."  SAC ¶¶ 189-90. As the court has rejected Terry's other claims, he has not pleaded facts that support such a declaratory judgment. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources*, 99 F.3d 746, 752 n.3 (5th Cir. 1996).

    5. <u>Conspiracy Claim</u>

Terry asserts his conspiracy claim against all Defendants, "with ('Mackie') as an accessory after the fact."  Conspiracy requires: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result. *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  This claim fails because Terry has not adequately pleaded any agreement to engage in any unlawful, overt acts, as demonstrated by the undersigned's rejection of each of Terry's claims.

### 6. Claims against Baker Donelson, Bible, and Robinson

For the reasons already stated above, Terry has failed to state any viable claim against Baker Donelson, Bible, and Robinson.  Bible is BB&T's CFO, and Terry has failed to state any specific basis for claims against him personally.

All of Terry's claims against Baker Donelson and Robinson are based on their representation of BB&T in this lawsuit. SAC ¶¶ 45-49, 52-53, 73-95, 212-218.  Attorneys are immune from civil liability to non-clients for actions taken in connection with representing a client in litigation, even if the conduct is wrongful in the context of the underlying suit.  *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015).  Terry has not alleged any reason to find an exception to this rule.

### 7. Conclusion

Accordingly, the undersigned will recommend that BB&T's motion to dismiss be granted and that all claims against BB&T, Baker Donelson, Bible, and Robinson be dismissed.  As this is Terry's third opportunity to plead a viable claim, the court will recommend that his Second Amended Complaint be dismissed with prejudice.

## B. Mackie's Motion to Dismiss (Dkt. #55)

Mackie moves to dismiss the FDCPA claim against it arguing the claim is insufficiently pleaded.  Similar to BB&T, Mackie argues that Terry has failed to allege sufficient facts that it is a debt collector under § 1692g.  The court agrees.  Terry "fail[s] to allege any factual support raising a reasonable inference that [Mackie] collect[s] debts as the 'principal purpose' of [its] business, or that [it] 'regularly' collect[s] debts for others."  *See Okeefe v. Caliber Home Loans,*

*Inc.*, 2014 WL 12495302, at *3 (W.D. Tex. Aug. 7, 2014) (citing *Hester v. Graham, Bright & Smith, P.C.*, 289 Fed. Appx. 35, 41 (5th Cir. 2008)), report and recommendation adopted at 2014 WL 12495301.  Additionally, for the same reasons Terry failed to state an FDCPA claim as to BB&T, it failed to state the claim as to Mackie.

Mackie also moves to dismiss all claims against it as barred by attorney immunity.  Like Baker Donelson and Robinson, Mackie is also entitled to attorney immunity for the claims asserted.  *Cantey Hanger, LLP*, 467 S.W.3d at 481.  The court also finds that Mackie is entitled to dismissal of the claims against it for all the reasons addressed in BB&T's motion.

## IV. RECOMMENDATIONS

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant BB&T's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #54) and **GRANT** Defendant Wolf Zientz & Mann, PC's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. #55).  Because Terry has already amended his complaint multiple times and is now passed the deadline the amend pleadings, the undersigned further **RECOMMENDS** the District Court **DISMISS** the Second Amended Complaint with prejudice against all parties.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings

and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C);  *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

    SIGNED April 12, 2017

                                              MARK LANE
                                              UNITED STATES MAGISTRATE JUDGE